Sharon Djemal, State Bar No. 208461
**EAST BAY COMMUNITY LAW CENTER**
3130 Shattuck Ave.
Berkeley, CA 94705
Tel: (510) 269-6612
Fax: (510) 849-1536
sdjemal@ebclc.org

Attorney for Plaintiff, Winifred Cabiness

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED CABINESS,<br><br>                    Plaintiff,<br><br>v.<br><br>EDUCATIONAL FINANCIAL SOLUTIONS, LLC DBA CAMPUS DEBT SOLUTIONS, and DOES 1-10,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff WINIFRED CABINESS ("Ms. CABINESS"), through her attorneys, alleges on personal information and on information and belief based upon the investigation made by and through her attorneys, as follows.

**JURISDICTION**

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the claims alleged herein arise under the Telephone Consumer Protection Act, 47 U.S.C. § 277. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

2.      Injunctive relief is available under 47 U.S.C. §227(b)(3)(A).

**VENUE**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District, and the actions giving rise to this suit occurred within this District.

**PARTIES**

4. Plaintiff WINIFRED CABINESS is, and at all times relevant was, a natural person and a citizen of California residing in Contra Costa County, California.

5. Defendant EDUCATIONAL FINANCIAL SOLUTIONS, LLC dba CAMPUS DEBT SOLUTIONS, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida, and doing business in the State of California.

6. DOES 1-10 are the individuals who initiated or oversaw the phone calls to Plaintiff's phone. Plaintiff is ignorant of their identities because she did not answer the phone and did not speak with them. Plaintiff therefore sues these Defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

**INTRODUCTION**

7. Within the past year, Plaintiff's cellular telephone has been bombarded with calls from EDUCATIONAL FINANCIAL SERVICES, LLC dba CAMPUS DEBT SOLUTIONS ("CDS"). CDS initially misled Ms. CABINESS to believe that it was an agent of the Department of Education. Upon discovering that it was not, Ms. CABINESS told an agent of CDS by e-mail to refrain from any further calls. Yet her instruction was ignored. CDS called Ms. CABINESS repeatedly over the subsequent months, often multiple times in the same day. The calls continue and Ms. CABINESS now will not answer calls from numbers that she does not recognize, fearing that they will be from CDS.

8. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., prohibits this practice and forbids the use of an Automatic Telephone Dialing System to place calls to cellular telephones.

**STATEMENT OF FACTS**

9. Sometime prior to May 2015, Defendant EDUCATIONAL FINANCIAL SERVICES, LLC dba CAMPUS DEBT SOLUTIONS gained control of a telephone number – (800) 848-0979 – that used to belong to the United States Department of Education ("DoEd"). The DoEd had previously used the number as a call center for federally backed student loans, and it had listed the number on both DoEd forms and websites.

10. In mid-May, Ms. CABINESS attempted to contact the DoEd regarding her student loans. She found the (800) 848-0979 number listed on one of her old DoEd account statements and she called it, unaware that the number had since been acquired by CDS.

11. On the call with CDS, the CDS representative remained vague about his identity and employer, and Ms. CABINESS believed that she was speaking with a representative of the DoEd.

12. The CDS representative requested and obtained Ms. CABINESS' social security number, her full name, and her login credentials for the National Student Loan Data System – the DoEd's website for borrowers to access their loan information. However, when the representative pressed Ms. CABINESS for authorization to withdraw fees directly from her bank account, Ms. CABINESS became suspicious about with whom she was speaking, and told the representative that she would call back the next day.

13. Ms. CABINESS attempted to call the representative back the next day. She connected to a message system that identified the company, not as DoED, but as Campus Debt Solutions. Ms. CABINESS immediately ended the call and did not call back again.

14. Over the next several days, an employee of CDS named Daniel Benitez repeatedly called Ms. CABINESS on her cell phone, (xxx)xxx-0913, and tried to pressure her to enter into a loan repayment plan through CDS.

15. On May 27, 2015, concerned and upset by the constant calls, Ms. CABINESS sought legal advice at the East Bay Community Law Center ("EBCLC"). With EBCLC's help, Ms. CABINESS sent an e-mail to CDS, addressed to DBenitez@campusdebt.com, asking to be

placed on CDS' do not call list. She stated in the e-mail: "I am not interested in any services with your company, Campus Debt Solutions. Please destroy any information you have collected from me and cease all contact immediately."

16. On June 23, 2015, Ms. CABINESS received two calls from (510) 270-2836 – a number that she did not recognize. She did not answer the calls. Following this, an advocate at EBCLC, called the (510) 270-2836 phone number and was connected to Campus Debt Solutions.

17. Beginning in November 2015, and continuing through the new year, CDS called Ms. CABINESS's cell phone repeatedly from the (510) 270-2836 number, often several times in the same day. These repeated calls to Ms. CABINESS, particularly during the holidays, caused her a large amount of stress and anxiety. She did not answer the calls.

18. As of February 2016, Ms. CABINESS was still receiving calls from CDS to her cell phone.

19. CDS indicates on its website (www.campusdebt.com), and specifically on its privacy policy page (www.campusdebt.com/about/privacy-policy) that it uses an Automatic Telephone Dialing System to place both phone calls and text messages.

20. On February 11, Ms. CABINESS answered a call from (510) 270-2836. The phone rang for several seconds before she answered. Upon answering, Ms. CABINESS heard only silence for several seconds, then Ms. CABINESS hung up the phone.

21. Ms. CABINESS is informed and believes, and on the basis of such information and belief alleges that her experience with the call from CDS – answering the phone but hearing only silence or "dead air" – indicates that the call was placed using a predictive dialing system. A predictive dialing system allows a single human operator to make calls to multiple consumers at the same time. Whichever consumer answers the phone first will be connected to the human operator. All further consumers that answer the phone will hear only silence.

# FIRST CAUSE OF ACTION

## (Telephone Consumer Protection Act)

22. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all other paragraphs.

23. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system, and which were made without Plaintiff's prior express consent.

24. The foregoing acts of Defendant constitute a violation of the Telephone Consumer Protection Act and its implementing regulations.

25. Defendant's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. § 312(f)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant and in favor of Plaintiff for:

A. $500 in statutory damages for each violation of the Telephone Consumer Protection Act held not to be a knowing or willful violation;

B. $1,500 treble damages, for each violation of the Telephone Consumer Protection Act held to be a knowing or willful violation;

C. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

D. Costs of the instant suit; and

E. Such other or further relief as the Court deems just and proper.

Dated:  March 4, 2016

           /S/ Sharon Djemal
           3130 Shattuck Avenue
           Berkeley, CA 94705
           Email: sdjemal@ebclc.org
           Tel: (510) 269-6612

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

           /S/ Sharon Djemal