UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED CABINESS,<br><br>    Plaintiff,<br><br>v.<br><br>EDUCATIONAL FINANCIAL SOLUTIONS, LLC,<br><br>    Defendant. | Case No.16-cv-01109-JST<br><br>**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO STAY**<br><br>Re: ECF No. 70 |

Before the Court is Defendant's motion to dismiss the amended complaint or, in the alternative, to stay the action. ECF No. 70. For the reasons set forth below, the Court denies the motion.

I.  **BACKGROUND**

Plaintiff Winifred Cabiness filed her initial complaint on March 5, 2016. ECF No. 1. She alleges that Defendant Educational Financial Solutions, LLC, doing business as Campus Debt Solutions ("CDS"), violated § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA") by making repeated calls to her cellular telephone using an Automatic Telephone Dialing System ("ATDS") without her consent. Id. ¶¶ 7-8, 23.

Defendant previously moved to dismiss Plaintiff's complaint on the grounds that (1) she lacked standing because she failed to allege that she suffered concrete harm as a result of the phone calls, and (2) she failed to state a claim under the TCPA because she did not sufficiently allege both the use of an ATDS and lack of consent. ECF No. 24. In the alternative, the Defendant requested that the Court stay this action pending the Ninth Circuit's decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).

This Court denied that motion in its entirety. ECF No. 50. In doing so, the Court engaged

1  in a lengthy analysis of the Supreme Court's recent decision in Spokeo, as well as several district
2  court cases interpreting that decision.  Id. at 5-11.  Based on that analysis, the Court concluded that
3  Plaintiff was not required to allege any additional harm beyond the one Congress had identified
4  because a statutory violation of the TCPA, unlike the statutory violation at issue in Spokeo,
5  necessarily causes harm to the recipient of the automated call in the form of wasted time, cell
6  phone charges, battery depletion, and/or annoyance to the consumer.  Id.  The Court also noted
7  that, even if a statutory violation of the TCPA is *not* sufficient on its own to establish a concrete
8  injury, both Congressional judgment and historical practice suggest that Plaintiff's allegations of
9  injury are sufficient for standing purposes.  Id.  In addition, the Court held that Plaintiff had
10 plausibly alleged the use of an ATDS because she claims that (1) CDS explicitly states on its
11 website that it uses an ATDS to place phone calls and text messages, and (2) when she answered a
12 call on February 11, 2016 from the number associates with CDS she heard several seconds of
13 silence, indicating the use of a predictive dialing system.  Id. at 11.  The Court also denied
14 Defendant's request for a stay.  Id. at 12-13.

15 Plaintiff has now filed a first amended complaint in which she asserts class claims.  See
16 First Amended Compl., ECF No. 50.  Defendant moves to dismiss the first amended complaint or,
17 in the alternative, to stay this action pending the D.C. Circuit's decision in ACA Int'l v. Fed.
18 Commc'ns Comm'n, No. 15-1211 (D.C. Cir. 2015).  ECF No. 60.

## II. LEGAL STANDARDS

### A. Motions to Dismiss Under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. See Fed R. Civ. P. 12(b)(1).  If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1).  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)

1  (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and
2  draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362
3  (9th Cir.2004) (citations omitted). A court addressing a facial attack must confine its inquiry to
4  the allegations in the complaint. See Savage v. Glendale Union High Sch., Dist. No. 205,
5  Maricopa Cty., 343 F.3d 1036, 1051 (9th Cir. 2003).

### B. Motions to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. See id. at 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). The burden is on the movant to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III. ANALYSIS

### A. Standing

Again, the Defendant argues that Plaintiff lacks standing because she fails to allege that she suffered a concrete injury. ECF No. 50. Defendant "acknowledges this issue was addressed in [its] initial Motion to Dismiss." Id. at 7.

Rather than filing a motion for leave to file a motion for reconsideration, which the Local Rules suggest is proper in these circumstances, Defendant attempts to justify this repetition of argument by pointing to a single district court decision from the Southern District of California that was issued after the briefing on the first motion. See Civ. L.R. 7-9 (listing "a change of law occurring after the time of such order" as a ground for reconsideration). Specifically, the

3

Defendant relies on Romero v. Dep't Stores Nat'l Bank, 15-cv-193, 2016 WL 4184099 (S.D. Cal. 2016). ECF No. 50 at 7. In that case, the court held that the TCPA plaintiff lacked standing because she failed to establish that she was injured by *each* of the more than 290 calls that the Defendants made to her cell phone, noting that for each of those calls it was "possible that the recipient's phone was not turned on or did not ring, that the recipient did not hear the phone ring, or the recipient for whatever reason was unaware that the call occurred." Romero, 2016 WL 4184099 at *3. Based on this decision, Defendant argues that "a TCPA plaintiff **must establish standing for each individual call**" and demonstrate how the alleged harms "resulted from the purported use of an ATDS rather than manually dialed calls." ECF No. 60 at 7, 13 (emphasis in original).

The Romero decision does not alter this Court's earlier conclusion for three reasons. First, that decision is not binding on this Court. Second, the Court does not find the reasoning in that decision to be persuasive. As other courts have noted, the Romero court's approach "ignores the existence of intangible harms that have been recognized in the legislative history and in the case law" and makes it "nearly impossible for a plaintiff to allege a private right of action under the TCPA for automated solicitation calls." LaVigne v. First Cmty. Bancshares, Inc., No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *4-7 (D.N.M. Oct. 19, 2016). This Court clearly articulated its position in its previous Order, and most courts that have addressed this issue have reached the same conclusion. Id. (listing several post-Spokeo cases in which courts have held that a bare statutory violation of the TCPA constitutes a concrete injury for Article III standing purposes, noting that "[m]ost courts that have addressed this issue have sided with Plaintiff," and describing Romero as an "outlier"). Like other courts in this district, this Court respectfully disagrees with the Romero court's interpretation of Spokeo. See, e.g., Juarez v. Citibank, N.A., No. 16-CV-01984-WHO, 2016 WL 4547914, at *2–3 (N.D. Cal. Sept. 1, 2016). Lastly, Romero is distinguishable from this case. The Romero court looked beyond the allegations in the complaint and considered the evidence submitted by the parties because that case was "beyond the summary judgment stage." Romero, 2016 WL 4184099 at *2. In contrast, this case involves a facial attack based solely on the Plaintiff's allegations, which must be construed in her favor. Any factual

4

issues regarding "[t]he number of calls Plaintiff answered, and the times these calls were made are issues that should be resolved on summary judgment or at trial, based on the available evidence, but are not appropriate for the threshold stage of jurisdictional dismissal based on standing." LaVigne, 2016 WL 6305992 at *7.

For all of these reasons, the Court denies the motion to dismiss the amended complaint.

### B.     Motion for Stay

In the alternative, Defendant moves to stay this case pending the D.C. Circuit's decision in ACA Int'l v. Fed. Commc'ns Comm'n, Appeal No 15-1211. ECF No. 60 at 14. Defendant argues that the ACA International decision "will significantly impact what type of equipment constitutes an 'ATDS,'" and in particular "whether equipment allegedly used to make phone calls can even constitute an ATDS if it merely has the potential (as opposed to present) capacity to generate random telephone numbers to be dialed." ECF No. 60 at 14. The D.C. Circuit heard oral argument in ACA International on October 19, 2016.

The Court concludes that a stay is not appropriate. Although the ACA International decision will be binding on this Court,[1] there is currently no live ATDS issue with respect to the Plaintiff in this case. This Court already determined in September 2016 that Cabiness had plausibly alleged that the phone calls in question were placed using an ATDS as it is currently defined. ECF No. 50. The parties are now engaged in discovery and, as this Court has previously noted, "discovery in this case will be required regardless of the outcome in [ACA International]." Lathrop v. Uber Techs., Inc., No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8,

---

[1] When agency regulations are challenged in more than one federal court of appeals, and subsequently consolidated and assigned to a single circuit court by the Judicial Panel on Multidistrict Litigation, the resulting decision is binding outside of that circuit. See Peck v. Cingular Wireless, LLC, 535 F.3d 1053, 1057 (9th Cir. 2008) (noting that an Eleventh Circuit decision regarding the validity of an FCC order was "binding outside of the Eleventh Circuit" because the Judicial Panel on Multidistrict Litigation had consolidated challenges from both the Eleventh and Second Circuits). Once the panel assigned the challenges to the FCC's July 2015 order to the D.C. Circuit, the D.C. Circuit became "the sole forum for addressing . . . the validity of the FCC's rules." Id. (quoting MCI Telecommunications Corp. v. U.S. West Communications, 204 F.3d 1262, 1267 (9th Cir. 2000)).

2016) ("Even if the D.C. Circuit were to modify or vacate the 2015 FCC Order, factual disputes, such as whether an ATDS was used and whether text recipients provided their consent, will remain here."). Notably, Defendant does not explain how the ACA International decision might narrow the scope of discovery that would otherwise be necessary in this case. Moreover, although the D.C. Circuit's decision in ACA International will likely be issued soon, the losing party will probably appeal that decision to the Supreme Court, which would further delay this case. Id. Such an extended stay would prejudice the Plaintiff because the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate. Id. In light of all of these considerations, the Court concludes that the most efficient course of action is to allow the parties to proceed with discovery. The Court notes, however, that if the D.C. Circuit rules as Defendant hopes it will, the Defendant may file a motion for reconsideration pursuant to Local Rule 7-9, citing a change of law.

The Court denies the request for a stay pending the ACA International decision.

## CONCLUSION

The Court denies the motion to dismiss the amended complaint or, in the alternative, to stay the action.

IT IS SO ORDERED.

Dated: January 17, 2017

_____
JON S. TIGAR
United States District Judge